# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| STATE OF MISSOURI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-cv-780-HEA |
| ) | |
| VIANNA RENEE SCOTT, ) | |
| ) | |
| Defendant. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter comes before the Court on defendant Vianna Renee Scott's filing titled, "Civil Rights Removal (1964)," which the Court construes as a Notice of Removal. ECF No. 1. For the reasons discussed below, defendant's request to remove her ongoing criminal case from the Circuit Court of St. Louis County, Missouri must be denied, and this action will be remanded.

### Background

Defendant is a self-represented litigant who is currently incarcerated at the St. Louis County Justice Center in Clayton, Missouri. She is awaiting trial on one count of vehicle hijacking, one count of assault in the first degree, and two counts of armed criminal action. *State v. Scott*, No. 22SL-CR04156-01 (21st Jud. Cir., St. Louis County).

### Defendant's Action

On June 16, 2023, defendant filed the instant "Civil Rights Removal (1964)," requesting removal of her ongoing criminal case to the United States District Court for the Eastern District of Missouri. ECF No. 1. In the filing, defendant asserts her due process rights have been violated with regard to her challenge to the state court's jurisdiction, speedy trial, and the scheduling of a mental evaluation pursuant to RSMo §§ 552.020. *Id.* at 1. Defendant asserts "administrative review

is required to investigate the substantive evidence" and that all criminal proceedings should be removed from the state court "to prevent a manifest of injustice. *Id.* at 2. Plaintiff further asserts her public defender is depriving her of her "civil rights and civil liberties" by "refusing to honor [the] 6th A[]mendment and speedy trial." *Id.*

## Discussion

### A. Removal to Federal Court

Federal law provides a procedure for removing both civil and criminal actions. *See* 28 U.S.C. § 1446 (procedure for removal of civil actions); and 28 U.S.C. § 1455 (procedure for removal of criminal prosecutions). Generally, however, removal jurisdiction is limited, and the vindication of a defendant's federal rights is left to the state courts except in rare situations. *City of Greenwood v. Peacock*, 384 U.S. 808, 828 (1966). Federal law provides that:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal rights of citizens of the United States, or of all persons within the jurisdiction thereof;
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443. In order to remove a case under § 1443(1), a defendant must show (1) "that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality" and (2) "that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975). With regard to the first prong of the test, "[c]laims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under

statutes not protecting against racial discrimination, will not suffice." *Id*. As to the second prong, "[t]his provision normally requires that the denial be manifest in a formal expression of state law . . . such as a state legislative or constitutional provision, rather than a denial first made manifest in the trial of the case." *Id*. Additionally, removal under § 1443(2) is only available "to federal officers and to persons assisting such officers in the performance of their official duties." *City of Greenwood*, 384 U.S. at 816.

In this case, 28 U.S.C. § 1443(2) is inapplicable, because defendant provides no indication that anyone involved is a federal officer or person assisting a federal officer in the performance of official duties. Thus, if defendant is to remove his case, she must rely on § 1443(1).

To remove a case under § 1443(1), defendant must show (1) "that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality" and (2) "that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State." Defendant has not shown either prong. Without providing any factual detail, she generally accuses the state court of denying her due process and her public defender of violating her 6th Amendment and speedy trial rights. Her broad and conclusory allegations do not show the denial of any right, much less demonstrate that her allegedly denied rights arose under a specific civil rights law stated in terms of racial equality, or that the Circuit Court of St. Louis County cannot enforce her federal rights.

Generally, the vindication of a defendant's federal rights is left to the state courts except in rare situations. Under 28 U.S.C. § 1443(1), a defendant's state criminal case should remain in state court unless "it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." *Johnson*, 421 U.S. at 220.  Having reviewed defendant's request for

removal and the filings in her state criminal case, the Court has determined that removal is not warranted. Aside from defendant's unsupported assertions, there is nothing to establish that defendant cannot enforce her federal rights in state court, which is required for removal under 28 U.S.C. § 1443(1). *See e.g., State of Missouri v. Johnson*, No. 4:21-cv-00731-NAB (E.D. Mo. July 22, 2021), summarily *aff'd, State of Missouri v. Johnson*, No. 21-2668 (8th Cir. 2021) (dismissing defendant's request to remove ongoing criminal case for failure to meet § 1443 requirements).

      B.  **Remand to State Court**

Defendant has filed a request to remove her criminal case from the Circuit Court of St. Louis County, Missouri to this Court. For the reasons discussed above, the Court must deny this request. "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4). Therefore, the Court remands this matter back to the Circuit Court of St. Louis County, Missouri.

      C.  **Motion for Leave to Proceed In Forma Pauperis**

Lastly, defendant has filed a motion for leave to proceed *in forma pauperis*. ECF No. 2. Having reviewed the motion, the Court finds that it should be granted.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that defendant's action for removal is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** back to the Circuit Court of St. Louis County, Missouri, *State v. Scott*, No. 22SL-CR04156-01 (21st Jud. Cir., St. Louis County).

4

**IT IS FURTHER ORDERED** that to the extent defendant seeks relief under 42 U.S.C. § 1983 those claims are **DENIED AND DISMISSED**.

**IT IS FURTHER ORDERED** that an appeal from this remand would not be taken in good faith.

Dated this  21st  day of June, 2023.

                                            HENRY EDWARD AUTREY
                                        UNITED STATES DISTRICT JUDGE