UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-cv-780-HEA |
| | ) | |
| VIANNA RENEE SCOTT, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This closed case is before the Court upon self-represented litigant Vianna Renee Scott's 'Motion for Reconsideration of Civil Rights Removal (1964) and Remand.' ECF No. 4. After reviewing the grounds raised by defendant, the Court will decline to alter or amend its June 21, 2023 order dismissing this case. For the following reasons, the motion will be denied.

**Background**

Defendant is a self-represented litigant who is currently incarcerated at the St. Louis County Justice Center in Clayton, Missouri. She is awaiting trial on one count of vehicle hijacking, one count of assault in the first degree, and two counts of armed criminal action. *State v. Scott*, No. 22SL-CR04156-01 (21st Jud. Cir., St. Louis County).

On June 16, 2023, defendant initiated this case by filing a document titled, 'Civil Rights Removal (1964),' wherein she requested removal of her ongoing state criminal case to this Court. ECF No. 1. Defendant alleged her due process rights were violated when she challenged the state court's jurisdiction, demanded speedy trial, and was scheduled for a mental evaluation pursuant to RSMo §§ 552.020. *Id.* at 1. Defendant further asserted her public defender was depriving her of her "civil rights and civil liberties" by "refusing to honor [the] 6th A[]mendment and speedy trial."

*Id.* at 2. Defendant requested "administrative review . . . to investigate the substantive evidence" and "to prevent a manifest of injustice." *Id.*

On June 21, 2023, the Court denied defendant's motion and remanded the matter back to the Circuit Court of St. Louis County, Missouri. ECF No. 3. In doing so, the Court outlined the standard for removing a criminal case under 28 U.S.C. § 1443 and determined defendant did not meet the criteria. *Id.* at 2-3. Specifically, defendant provided no indication that anyone involved was a federal officer or person assisting a federal officer in the performance of official duties, nor did she show that the right allegedly denied arose under a federal law providing for specific civil rights. *Id.*

## Discussion

Defendant filed the instant motion for reconsideration appearing to argue that she is unable to bring her issues before the criminal court because they are civil matters. ECF No. 4.  In pertinent part, defendant asserts:

> Petitioner is in need of this court who has jurisdiction and venue is proper to make findings and grant relief based on evidence of facts by conducting a full standard review evidential hearing on how petitioner was detained and to examine the sufficien[]cy of the process and relevance of the charging instrument to determine the validity of identifying the Petitioner to being the person charged with the offense and how jurisdiction was appointed to the State of Missouri. Secondly, how does the state of Missouri ha[ve] jurisdiction of petitioner's religious and Indian culture[.]

*Id.* at 5.

It is unclear from the motion whether defendant intends for the request to be brought under Rule 59(e) (motion to alter or amend the judgment) or Rule 60(b) (relief from judgment for mistake or other reason). *See Sanders v. Clemco Indus.*, 862 F.2d 161, 164-65, 168-69 (8th

2

Cir. 1988) (discussing differences in characterizing unlabeled motion for reconsideration as either under Rule 59(e) or Rule 60(b)).

Rule 59(e) permits a court to alter or amend a judgment, but "[s]uch motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoting *Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)). Rather, such motions serve the limited function of correcting "manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.,* 839 F.2d 407, 414 (8th Cir. 1988). Here, however, all of defendant's arguments are nothing but a rehash of her prior arguments already addressed by this Court. The Court thoroughly discussed why removal of Petitioner's ongoing criminal case would not be appropriate.

In contrast to Rule 59(e), Rule 60(b) provides permits a Court to relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

"Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (quoted case omitted). It is not intended to be a vehicle for seeking

3

reconsideration of merit arguments that were previously considered by the Court. *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999). Defendant's motion fails to point to any mistake, newly discovered evidence, fraud, or other reason justifying reconsideration of the Court's judgment. Instead, the motion merely seeks reconsideration based on the same arguments brought in the complaint, which were found to not form the basis of a federal removal action. Defendant is therefore not entitled to reconsideration of the dismissal of her complaint.

Furthermore, to the extent defendant can be understood to ask this Court to dismiss, enjoin, or otherwise intervene in her ongoing state criminal proceeding, her claims are barred under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). As such, defendant's request to reopen and reconsider this matter must be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for reconsideration of the dismissal and remand of this action is **DENIED**. [ECF No. 4].

Dated this 7th day of July, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

4